IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT PHASON, JUAN ORTIZ, CLIFFORD )
RUSH, and RICHARD ZIMMERMAN, individually )
and on behalf of a class of similarly situated persons, )
)
      Plaintiffs, )
)   No. 04 C 5845
    v. )
)
MERIDIAN RAIL CORP., )
)
      Defendants. )

OPINION AND ORDER AFTER BENCH TRIAL

JAMES F. HOLDERMAN, Chief Judge:

On March 15, 2007, the United States Court of Appeals for the Seventh Circuit held in this class action lawsuit that Meridian Rail Corp. ("Meridian") violated the WARN Act, *see* 29 U.S.C. §§ 2101-2109, when it closed its production plant in Chicago Heights, Illinois, without adequate notice to its employees. That court then remanded the case to this court for determination of an appropriate remedy. *Phason v. Meridian Rail Corp.*, 479 F.3d 527, 531 (7th Cir. 2007). The Seventh Circuit found the following facts in this case, among others:

> On December 31, 2003, an "employment termination" within the meaning of § 2101(a)(6)(A) occurred, and as more than 50 workers lost their jobs that day a statutory "plant closing" likewise took place.

*Id.* at 529. The Seventh Circuit also found that:

> For the purpose of § 2101(b)(1), the "effective date" of the sale was January 8, 2004. Any employee of Meridian on that date "shall be considered an employee of the purchaser". The number of workers Meridian employed at the Chicago Heights plant on January 8, 2004, was zero. Section 2101(b)(1) therefore cannot avoid the classification of the events as an "employment loss."

*Id.* at 529-30.

After remand and after completion by the parties of their pretrial discovery, this court conducted a two-day bench trial at which the parties presented evidence on the only two disputed issues of fact remaining in the case: (1) whether 32 individuals who Meridian allegedly continued to pay or employ after Meridian's closing of the plant on December 31, 2003, and who Nortrak employed immediately upon assuming operation of the plant, suffered an employment loss and thus should be included in the class for the purpose of calculating damages, and (2) whether there should be a reduction of the damages to be recovered by the individual class members under Title 29 U.S.C. § 2104(a)(4).

## Background

In mid-December 2003, VAE Nortrak North America, Inc. ("Nortrak") agreed to purchase Meridian's production plant in Chicago Heights, Illinois. On December 12, 2003, Meridian sent out notice to its hourly and salaried employees advising that it anticipated a sale of assets to Nortrak, and three days later Nortrak sent out notice to Meridian's active employees inviting them to apply for employment with Nortrak. Meridian subsequently posted a notice that most hourly employees' last day would be December 31, 2003. Although Meridian retained a handful of employees to perform a point of sale inventory during the first week of January 2004, Meridian in fact closed its doors on December 31, 2003, severing its ties to most of its employees on that day. Meridian severed its ties to the remainder of its employees on or before January 7, 2004. The sale to Nortrak closed on January 8, 2004. The employees of Meridian who sought and received employment with Nortrak began working for Nortrak on or after January 8, 2004.

The individuals who became former Meridian employees as a result of the plant closing, brought this lawsuit under the WARN Act for damages arising out of Meridian's failure to provide notice of the plant closing as required by 29 U.S.C. § 2102. The procedural history of this case is complex, but only three rulings require discussion here. First, given that Nortrak hired all but about 40 of the former Meridian employees, this court granted summary judgment for Meridian, reasoning that statutory notice under the WARN Act was not required because fewer than 50 employees suffered an employment loss as a result of Meridian's sale of the Chicago Heights plant to Nortrak. *Phason v. Meridian Rail Corp.*, No. 04 C 5845, 2006 WL 1235090, at *6 (N.D. Ill. May 8, 2006) (unpublished order). The Seventh Circuit, however, reversed, finding that Meridian violated the WARN Act because:

> This sale closed on January 8, 2004, more than a week after Meridian let almost all of its employees go. Meridian tells us that it retained a handful of workers during the first week of January to take inventory (though plaintiffs say otherwise); no matter who is right on that issue, almost all were done with Meridian's employ at the end of 2003. On December 31, 2003, an "employment termination" within the meaning of § 2101(a)(6)(A) occurred, and as more than 50 workers lost their jobs that day a statutory "plant closing" likewise took place.
>
> It is enough that § 2101(a)(6)(A) is satisfied. Meridian supplied the district court with elaborate calculations demonstrating that § 2101(a)(6)(C) was *not* satisfied, given the number of people Nortrak hired. But what of that? An "employment loss" occurs when *any one* of the subsections applies. "You're fired, but you have prospects of catching on with someone else real soon now" is a "termination" under subsection (A).
>
> For the purpose of § 2101(b)(1), the "effective date" of the sale was January 8, 2004. Any employee of Meridian on that date "shall be considered an employee of the purchaser". The number of workers Meridian employed at the Chicago Heights plant on January 8, 2004, was zero. Section 2101(b)(1) therefore cannot avoid the classification of the events as an "employment loss."

*Phason*, 479 F.3d at 529-30 (emphasis in original). On remand this court granted class certification and defined the class as requested by plaintiffs' counsel to include:

3

> All salaried and all hourly employees (including laid off employees with contractual rights to seniority and recall) who were employees of Meridian Raid [sic] Corp. at the Chicago Heights plant and who lost their employment at Meridian on December 31, 2003.

(5/23/07 Minute Order, Dkt. No. 125.) This court further determined that employees who worked for Meridian during the first week of January 2004 may not be entitled to section 2104(a)(1) damages because:

> If these employees suffered no employment loss at all, in that there was no break in employment between the plant closing and the sale and they were then rehired by Nortrak, then the employer is not liable under WARN Act to these employees, and they are simply not part of the class in the first place.

(*Id.*)

Prior to the trial, the parties resolved most of the issues concerning damages in this case. The parties agreed that 156 former Meridian employees are entitled to WARN Act recovery and have stipulated to the damages for those 156 agreed class members. The parties also stipulated to the damages for 32 contested individuals. The defendant, however, asserted that the 32 contested individuals should not be included in the class and that 29 U.S.C. § 2104(a)(4) applied to the facts and circumstances of this case to effect a reduction of the damages incurred by the individual plaintiff class members. In addition, plaintiffs, just before trial, sought to revise the class definition to read as follows:

> All salaried and all hourly employees (including laid off employees with contractual rights to seniority and recall) who were employees of Meridian Rail Corp. at the Chicago Heights plant and who were terminated by Meridian on or after December 31, 2003 and prior to January 8, 2004.

The court took that plaintiffs' motion [167] under advisement with the trial.

At the trial, the parties presented evidence concerning Meridian's alleged employment after December 31, 2003, of two categories of employees. The first category of employees

4

consisted of nine hourly employees that allegedly were retained by Meridian after December 31, 2003, to perform inventory and were hired by Nortrak, with what Meridian asserts was no break in service. The second category of employees consisted of 23 salaried employees that allegedly were paid by Meridian through the period ending January 15, 2004. For the reasons set forth below, however, this court need not make individual findings of fact as to each of the 32 contested individuals because the evidence submitted at trial established that none of the contested individuals worked for Meridian after January 7, 2004.

## Analysis

As stated earlier, the two key issues at the trial were (1) whether the 32 contested individuals should be members of the class, and (2) whether the damages suffered by the individual plaintiff class members should be reduced pursuant to section 2104(a)(4).

A.  *The 32 Contested Individuals*

Pointing to language in the Seventh Circuit's opinion on liability, *see Phason*, 479 F.3d at 529-30, the plaintiffs argue that the 32 contested individuals should be included in the class because, plaintiffs say, the law of the case establishes that all of Meridian's employees suffered an employment loss when Meridian terminated its employees prior to the sale of the Chicago Heights plant to Nortrak. The defendant argues that the 32 contested individuals should not be included in the class because nine of those employees were retained by Meridian to perform inventory following the plant closure on December 31, 2003; the remaining 23 employees received pay from Meridian through January 15, 2004; and all contested individuals were hired by Nortrak. Consequently, defendant says, the 32 contested individuals suffered no break in

5

employment between the plant closing and the time they began working for Nortrak, and they therefore are not entitled to damages for Meridian's WARN Act violation.

The Seventh Circuit's determination on liability in this case is binding, dispositive, and precedential on the issue of whether the 32 contested individuals should be included in the class. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) (instructing that "district judges must follow the decisions of this court whether or not they agree."). Section 2104(a)(1) of the WARN Act provides that "[a]ny employer who orders a plant closing or mass layoff in violation of section 2102 of this title shall be liable to each aggrieved employee who suffers an employment loss as a result of such closing or layoff." 29 U.S.C. § 2104(a)(1). It is undisputed that the sale of the Chicago Heights plant from Meridian to Nortrak took place on January 8, 2004, and that the Seventh Circuit found in its March 15, 2007 opinion that: "The number of workers Meridian employed at the Chicago Heights plant on January 8, 2004, was zero. Section 2101(b)(1) therefore cannot avoid the classification of the events as an 'employment loss.'" *Phason*, 479 F.3d at 529-30. Thus, according to the Seventh Circuit, an employment loss occurred for all Meridian employees between the plant closing and the sale to Nortrak. This court is bound by that decision and so the 32 contested individuals must be included in the plaintiff class.

B.  *Reduction of Liability Under Section 2104(a)(4)*

Defendant also asserted at trial that this court should reduce Meridian's liability under 29 U.S.C. § 2104(a)(4) because, defendant maintained, Meridian made a good faith effort to comply with the WARN Act by negotiating terms into the Asset Purchase Agreement that required

Nortrak to retain Meridian's employees at the Chicago Heights plant and not close operations after the sale. Section 2104(a)(4) provides:

> If an employer which has violated this chapter proves to the satisfaction of the court that the act or omission that violated this chapter was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of this chapter the court may, in its discretion, reduce the amount of the liability or penalty provided for in this section.

To establish good faith an employer must come forward with evidence that it had the "subjective intent to comply with the Act, as well as evidence of objective reasonableness in the employer's application of the Act." *Castro v. Chi. Hous. Auth.*, 360 F.3d 721, 730 (7th Cir. 2004).

As an initial matter, plaintiffs moved at the conclusion of their case in chief to strike defendant's good-faith defense on the ground that Meridian waived the defense when it failed to plead "good faith" in its answer and affirmative defenses. Rule 8(c) requires that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). Good faith under section 2104(a)(4) is an affirmative defense. *Castro*, 360 F.3d at 730. Although Meridian did not include "good faith" in its answer and affirmative defenses, Meridian asserted the defense at summary judgment and throughout the pretrial proceedings. Plaintiffs did not object to Meridian's "good faith" defense until the trial was well underway. Given plaintiffs' failure to timely raise this issue, the court will address the merits of Meridian's good-faith defense.

In support of its good-faith defense, Meridian offered the testimony of Shawn Casey, the President and CEO of Meridian during the dates at issue in this lawsuit. Casey testified that he first entered into discussions with Nortrak concerning the sale of Meridian's assets during the third quarter of 2003. Those discussions became "serious" in mid-October 2003, and at the end

7

of October 2003, Casey consulted with Meridian's labor relations attorney about what labor issues would have to be addressed in connection with the sale. Casey was advised that, because the sale of Meridian's assets would effect more than 50 of Meridian's employees, Meridian would be required by the WARN Act to provide 60-days notice of the plant closure to its employees.

At the time Meridian and Nortrak entered into the Asset Purchase Agreement (Defendant Ex. 2) in mid-December 2003, Casey knew that Meridian was required to comply with the WARN Act but also knew that, given the terms of the Asset Purchase Agreement, Meridian would not have time to give its employees 60-days notice. In addition, Casey said, Nortrak had expressed concern about the effect notice of the plant closure would have on its ability to retain Meridian's workforce. Meridian and Nortrak therefore negotiated into the Asset Purchase Agreement the following language acknowledging Meridian's obligations under the WARN Act and addressing Nortrak's intention to retain Meridian's employees:

> (b) <u>WARN Act</u>: It is Buyer's intention, but not its obligation, to hire a sufficient number of Seller's aggregate union and non-union employees to avoid triggering the notifications of the WARN Act or any similar state or local law. Buyer covenants and agrees that if it engages in any conduct within ninety (90) days (or such longer period of time as is required by applicable law) after Closing that constitutes a "mass layoff" or "plant closing" under the WARN Act, as those terms are defined in the WARN Act or any similar state or local law, Buyer shall assume liability for any claim or obligation arising there from under the WARN Act or under similar state or local law including any claim for insufficient notice or failure to retain. If Buyer's actions or inactions result in any claim against Seller under the WARN Act, or any similar state or local law, Buyer shall assume liability and indemnify Seller for any such claim.

(Asset Purchase Agreement ¶ 7.5(b), Defendant Ex. 2, at 22.) Casey testified that he believed that so long as Nortrak hired a sufficient number of Meridian employees, the WARN Act would not be triggered.

Casey's testimony and paragraph 7.5(b) of the Asset Purchase Agreement demonstrate that Meridian knew of its responsibility under the WARN Act and intentionally chose not to comply with the Act's notice provision. Instead, Meridian attempted to circumvent the Act by negotiating into the Asset Purchase Agreement a non-binding clause allowing Nortrak, at its discretion, to hire enough of Meridian's employees to avoid triggering the WARN Act. But just in case Nortrak failed to hire enough of Meridian's workers, Meridian also negotiated what Casey characterized during his trial testimony as an "insurance policy," requiring Nortrak to indemnify Meridian against any WARN Act liability. Contrary to Casey's assertion that Meridian's negotiations with Nortrak demonstrate a subjective good faith intent on Meridian's behalf to comply with the Act, the evidence demonstrates that Meridian decided to pursue an expeditious sale to Nortrak rather than to provide 60-days notice of the plant closing to Meridian's employees as required by the WARN Act.

## Conclusion

For the foregoing reasons, this court concludes that the 32 contested individuals must be included in the class and declines defendant's request to limit damages under 29 U.S.C. § 2104(a)(4). In accord with this order and the Seventh Circuit's opinion in *Phason*, 479 F.3d 527, the class definition is amended to read as follows:

> All salaried and all hourly employees (including laid off employees with contractual rights to seniority and recall) who were employees of Meridian Rail Corp. at the Chicago Heights plant and who were terminated by Meridian on or after December 31, 2003 and prior to January 8, 2004.

Plaintiffs' counsel is directed to submit to this court individual judgments for each of the 188 class members on Administrative Office Form 450 ("AO 450") for the court's consideration and, if appropriate, entry.

9

ENTER:

*James F. Holderman*
_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Dated: April 25, 2008